RECEIVED
JUL 27 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 2:02-cr-20100-02<br>CIVIL NO. 16-CV-00952 |
| VERSUS | : | JUDGE JAMES T. TRIMBLE, JR. |
| JOSEPH G. SHERRICK | : | |

### MEMORANDUM RULING

Before the court is a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (R. #116) and "Petitioner's Motion for Substitution of Counsel, Motion to Consolidate Cases, and Motion for Substitution of Parties" (R. #125). In the motion to vacate, Defendant, Joseph G. Sherrick, seeks relief pursuant to a recent Supreme Court Decision, Johnson v. United States;[1] in the second motion, Mr. Sherrick requests (1) the appointment of conflict-free counsel, (2) that his 28 U.S.C. § 2241 petition[2] be consolidated with the instant action, and (3) that the current Acting Warden, Billy J. Keith, be substituted for the former retired Warden Rivera.

### PROCEDURAL BACKGROUND

On November 18, 2002, Mr. Sherrick pleaded guilty to one count of possession of a firearm by a convicted felon;[3] the Pre-Sentence Investigation Report (PSR) determined that Mr. Sherrick was subject to the enhanced penalty provision of the Armed Career Criminal Act ("ACCA").[4] Mr.

---

[1] 135 S. Ct 2551 (2015).
[2] Joseph G. Sherrick v. Warden Maiorana, Civ. Action 2:14-1785 PM-KK.
[3] 18 U.S.C. § § 922(g)(1) and 924(e).
[4] 18 U.S.C. § 924(e).

1

Sherrick's Criminal History was established as a Category VI. The PSR did not specify which conviction the classification was based; Mr. Sherrick had three prior convictions for "serious drug offenses," as defined for § 924(e) purposes which included two 1998 Louisiana state court convictions for "Distribution of Marijuana" and one 1999 Louisiana state court conviction for the same offense.[5]

Mr. Sherrick's Criminal History Category VI, coupled with a total offense level of 33, resulted in a then-mandatory guideline range of 239-293 months.[6] On May 14, 2003, Mr. Sherrick was sentenced to 293 months of imprisonment.

On May 13, 2005, pursuant to a successful 28 U.S.C. § 2255 motion, Mr. Sherrick was re-sentenced to the same 293 months of imprisonment, with the proviso that his federal sentence run concurrently with an undischarged state sentence.[7]

Mr. Sherrick filed the instant motion to vacate, set aside, or correct sentence in light of the U.S. Supreme Court's ruling in Johnson v. United States[8]; the Office of Public Defender was appointed to represent Mr. Sherrick in connection with the § 2255 motion. At Mr. Sherrick's request, the undersigned granted Mr. Sherrick's motion to withdraw that Office as his counsel.[9]

*Motion to vacate*

In his motion to vacate, Mr. Sherrick seeks relief under Johnson. Mr. Sherrick argues that the ruling in Johnson invalidated the so-called "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii). Thus, he maintains his battery conviction is no longer a predicate "violent felony" for purposes of the ACCA. He then argues that Johnson similarly invalidates the "crime of violence" definitions

---

[5] These three convictions were adjudicated in the same judicial proceeding. PSR § 42.
[6] PSR ¶ 78.
[7] R. #59, 78, 80.
[8] 135 S.Ct. 2551 (2015)(invalidating the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e).
[9] R. # 117, 118, 127, 128.

2

applicable to certain provisions in the guidelines. Mr. Sherrick also suggests that his prior drug offenses cannot be separately counted under the ACCA because they were adjudicated in the same judicial proceeding.[10] Finally, Mr. Sherrick maintains that his § 2255 motion is timely as it was filed within a year of the Johnson decision.

The court agrees that the Johnson decision invalidated the residual clause of § 924(e)(2)(B)(ii). However, the clause is inapplicable because at least three prior convictions were for "serious drug offenses," and the Supreme Court has determined that Johnson does not affect the definitions included in the guidelines.

Mr. Sherrick's § 2255 motion is time-barred. § 2255 motions are subject to a one-year statute of limitations which runs from the latest of –

>    (1) The date on which the judgment of conviction becomes final;
>    (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or
>    (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[11]

In Johnson, the Supreme Court invalidated the residual clause of the ACCA finding that it "denies fair notice to defendants."[12] However, in that same ruling, the Supreme Court expressly left other portions of the ACCA intact; for purposes of this ruling, the rest of the definition of

---

[10] R. #133.
[11] 28 U.S.C. § 2255(f).
[12] Johnson, 135 S.Ct. at 2557.

3

"violent felony," and the entire definition of "serious drug offense" was not invalidated.[13] The Fifth Circuit and other circuits have recognized the Supreme Court's ruling that Johnson addressed the residual clause of the ""violent felony" provision, which is distinguishable from the "serious drug offense" definition.[14]

Mr. Sherrick argues that his sentence was a "single sentence" because he was sentenced on the same day and at the same time. He then posits that because it was a "single sentence", this does not qualify him to be sentenced under the ACCA. Mr. Sherrick's interpretation of the statute is incorrect.

First, as noted above, Johnson does not undermine the validity of the "serious drug offense" definition; therefore, it does not provide Mr. Sherrick any relief. Second, it is irrelevant under the ACCA as to the timing of Mr. Sherrick's sentencing and/or that he was sentenced in the same proceeding. What is relevant, is the fact that he was convicted of three separate crimes committed on separate occasions. The Fifth Circuit has recognized that where "a defendant is convicted in a single judicial proceeding for multiple counts arising from separate distinct criminal transactions, … those convictions should be treated as multiple convictions under § 924 (e)."[15] The government has attached the charging documents related to Mr. Sherrick's crimes which reveal that the offenses for which he was convicted were committed on March 26, 1998, May 6, 1998 and September 10, 1998.[16] Hence, Mr. Sherrick is not entitled to relief under Johnson and consequently, cannot take advantage of § 2255(f)(3), which reckons the commencement of the

---

[13] Id. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.")
[14] United States v. Cain, 877 F.3d 562, 562-563 (5th Cir. 2017), cert. denied, 138 S.Ct. 1579 (2018); In re Sargent, 837 F.3d 675, 677 (6th Cir. 2016)("Johnson invalidated only the residual callus of the ACCA's definition of a violent felony; it did not invalidate the enumerated felony clause or any portion of the definition of a 'serious drug offense'"); Stanley v. United States, 827 F.3d 562, 564 (7th Cir. 2016).
[15] United States v. Herbert, 860 F.2d 620, 622 (5th Cir. 1988).
[16] Government exhibit A.

one-year statute of limitations from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[17] Thus, we find that Mr. Sherrick's motion is time-barred.

*Motion to consolidate the § 2255 and 2241 motions, motion to withdraw the Federal Public Defender and appointment of new counsel, and motion to substitute current warden*

On June 19, 2014, Mr. Sherrick filed a 28 U.S.C. § 2241 motion which was pending in this district, but with another judge presiding; that motion was denied on December 4, 2015.[18] Subsequently, that motion was amended to seek relief on the ground that Mr. Sherrick was unlawfully sentenced under the ACCA in light of Johnson and other rulings.[19]

Mr. Sherrick seeks to consolidate the § 2241 motion with the instant § 2255 motion. The government asserts that Mr. Sherrick cannot satisfy the stringent requirements of the savings clause through a § 2241 motion in order for this court to have jurisdiction to consider Mr. Sherrick's § 2241 motion. Mr. Sherrick can utilize § 2241 to challenge the legality of this conviction or sentence if he can satisfy the mandates of § 2255's saving clause:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.[20]

---

[17] Cf. United States v. Morgan, 845 F.3d 664, 666 (5th Cir. 2017)(affirming the district court's decision to dismiss the defendant's § 2255 motions as time-barred; § 2255 (f)(3) restarts the filing clock only if the defendant is entitled to relief in light of a new right recognized by the Supreme Court that is retroactively applicable on collateral review).
[18] Civ. Action # 2:14-1785.
[19] See Civ. Action 2:14-1785, R. # 20, 21, 24.
[20] 28 U.S.C. § 2255(e) (2000).

5

Mr. Sherrick's § 2241 motion attacks the legality of his sentence, thus it is essentially a § 2255 motion, unless Mr. Sherrick's claims fall under the "savings clause." But as noted by the government, Mr. Sherrick's claims do not fall under § 2255's saving clause because "they challenge the validity of his enhanced sentence, not his conviction."[21] Section 2255 is "inadequate or ineffective" only if: (1) "the [§ 2241] petition raises a claim that is based on a retroactively applicable Supreme Court decision"; (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and (3) the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."[22] The "savings clause" applies only to § 2241 claims that are based on a retroactively applicable Supreme Court decision that establishes that the petitioner "may have been convicted of a nonexistent offense."[23] A district court lacks jurisdiction to consider Johnson-based claims under the savings clause unless the petitioner can show that he was innocent of the crime of conviction."[24]

Furthermore, Mr. Sherrick's § 2255 motion, even though time-barred, is not "inadequate or ineffective" within the meaning of the savings clause.[25]

Accordingly, because we find that we would have no jurisdiction to consider Mr. Sherrick's § 2241 motion, Mr. Sherrick's motion to consolidate and to substitute the warden is moot. Also, Mr. Sherrick's motion for appointment of new counsel is likewise moot as his motion to withdraw the Public Defender's Office has been granted.

---

[21] Carter v. Blackmon, 2018 WL 2041476 at *1 ( 5th Cir. Apr. 30, 2018).
[22] Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010), quoting Reyes-Requena v. United States, 243 F.3d 893, 895 (5th Cir. 2001).
[23] Carter, 2018 WL 2041476 at *1.
[24] Id.
[25] Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000)(merely failing to succeed in a § 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective.").

## CONCLUSION

Based on the foregoing, the motion to vacate under § 2255 will be denied; the motion for substitution of counsel will be denied, the motion to consolidate cases will be denied, and the motion for substitution of parties will be denied.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 27th day of July, 2018.

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**