**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**UNITED STATES OF AMERICA**                           **CASE NO.  2:02-CR-20100-02**

**VERSUS**                                             **JUDGE ROBERT G. JAMES**

**JOSEPH G. SHERRICK (02)**

**ORDER and REASONS**

Before the Court are two motions filed by pro se Defendant, Joseph G. Sherrick: (1) a motion entitled "Reconsideration of Sentence Under the First Step Act" [ECF No. 149], and (2) a "Motion for Reconsideration of Sentence" [ECF No. 152]. Sherrick has additionally filed three letters in support of the foregoing motions. [ECF Nos. 154, 156, and 157]. Pursuant to his motions, Sherrick moves the Court to resentence him to a reduced term of imprisonment [ECF No. 152 at 4], or to release him to home confinement [ECF No. 156 at 6]. Alternatively, Sherrick asks that the Court have him transferred to a community corrections center. *Id.* Sherrick further asks that his term of supervised release be reduced from five years to three, and that the Court vacate certain conditions of supervised release imposed by the sentencing court. [ECF No. 152 at 2]. The government opposes the motions. [ECF No. 155]. For the reasons set forth below, Sherrick's motions are DENIED.

On September 10, 2002, Sherrick and one other person were charged in a six-count indictment with three counts of Possession of Firearms by Convicted Felons (Counts 1, 3 and 5) and three counts of Possession of Stolen Firearms (Counts 2, 4 and 6). [ECF No. 1]. On November 18, 2002, Sherrick pleaded guilty to Count 5 (possession of eighteen firearms by a convicted

felon).[1] [ECF No. 34]. On May 14, 2003, Sherrick was sentenced to 293 months incarceration.[2] [ECF No. 55]. Because the Judgment was silent as to whether the sentence was to run concurrently or consecutively to Sherrick's undischarged state term of imprisonment, the sentences were run consecutively. *See* 18 U.S.C. § 3584(a). The Court additionally imposed a five-year term of supervised release following incarceration. In addition to the mandatory and standard conditions of supervision, the Court imposed the following five special conditions of supervised release:

1. Shall not possess a firearm, destructive device, or illegal substance.

2. Shall participate in substance abuse and or mental health counseling or treatment as directed by the U.S. Probation Office, to include urinalysis, at the defendant's cost.

3. Shall perform a minimum of 200 hours of community service during the first 24 months of supervised release.

4. At any time which the defendant does not maintain full time employment, he shall perform 40 hours of community service per week.

5. The defendant shall pay restitution in the amount of $60.00. . . .

*Id.* at 4.

On April 13, 2004, Sherrick filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of trial counsel, in part due to counsel's failure to argue that his state and federal sentences should have run concurrently and due to counsel's failure to object to the number of firearms attributed to him for purposes of calculating his sentencing guidelines. [ECF Nos. 59, 60]. On April 4, 2005, the Court granted Sherrick's motion. [ECF No. 78; ECF No. 112 at 15-16]. On May 13, 2005, the Court ordered that "Sherrick's state and federal sentences run concurrently."

---

[1] According to the underlying record, the firearms listed in Count 5 were stolen in residential burglaries by Sherrick and his co-defendant. After Sherrick pleaded guilty in this Court (but prior to sentencing), Sherrick pleaded guilty in state court to burglary of an inhabited dwelling and two counts of theft over $500 and was sentenced to twelve years of incarceration for these offenses.

[2] Sherrick's statutory sentencing range was fifteen years up to life; his sentencing guideline imprisonment range was 235 to 293 months. [Apr. 15, 2003 PSR, p. 22].

[ECF No. 80]. No other modifications were made to the original Judgment.[3] Sherrick's current projected release date is November 28, 2023.[4]

### I.    Motion for Reduction of Term of Imprisonment

Sherrick asks that his sentence be reduced pursuant to 18 U.S.C. § 3582(c), arguing the sentence is excessive.[5] [ECF No. 149 at 4; ECF No. 156 at 1; ECF No. 152 at 1]. Specifically, Sherrick contends his guideline range should be reduced by two to four levels, and he should be resentenced within that reduced guideline range. [ECF No. 152 at 4]. Sherrick also contends his sentence should be reduced because it is "illegal" due to a breach of his plea agreement by the Assistant United States Attorney.[6] [ECF No. 152 at 3; ECF No. 157 at 2]. Sherrick provides no other reasons explaining why a sentence reduction is warranted by § 3582(c). Sherrick is 42 years old.

Prior to passage of the First Step Act of 2018, only the Bureau of Prisons ("BOP") could bring a motion seeking relief under section 3582(c)(1)(A). *United States v. Chambliss*, 948 F.3d 691, 693 n.1 (5th Cir.2020). Section 3582(c)(1)(A), as amended, provides in pertinent part:

---

[3] Sherrick's statutory sentencing range remained fifteen years to life; his revised sentencing guideline range was 188 to 235 months incarceration. [May 9, 2005 PSR, p. 22]. Prior to issuance of the Court's Order that Sherrick's federal sentence run concurrently with his state term of imprisonment, the Court had notified the parties that it was considering departing upward from the sentencing guideline range. [ECF Nos. 66, 70, 74].

[4] *See* https://www.bop.gov/inmateloc/ (last visited July 7, 2020).

[5] According to Sherrick, when compared to "rapists, child molesters . . . murderers" and "repeat offenders," his sentence of "25 years, 5 years supervised release, 200 hour community service, counseling [sic], drug classes, urine test all at my expense is a little excessive for someone with a drug habit who for the most part just stole." [ECF No. 149 at 4].

[6] Sherrick contends that the AUSA breached the plea agreement because Sherrick agreed to plead guilty to Count 5 (which involved eighteen firearms), but his guideline calculation at his original sentencing hearing was increased by six levels based upon the possession of twenty-five firearms. [ECF No. 152 at 3; Apr. 15, 2003 PSR, p.8; *but see* May 9, 2005 PSR, p.8 (applying a 4-level increase for offense involving between eight and twenty-four firearms)].

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>>>
>>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C.A. § 3582; *see also Chambliss* at 692–93. In commentary, the Sentencing Guidelines describe "extraordinary and compelling reasons" to include: (1) the medical condition of the defendant[7]; (2) the defendant's age[8]; (3) family circumstances[9], or (4) other reasons.[10] *Chambliss* at 693; U.S.S.G. 1B1.13 cmt. n.1.

---

[7] The guidelines require the defendant to be: (1) suffering from a terminal illness, or (2) suffering from a serious physical or mental condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, which also "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

[8] The guidelines require, *inter alia*, that the defendant be at least 65 years old. U.S.S.G. § 1B1.13 cmt. n.1(B).

[9] The guidelines require the death or incapacitation of the caregiver of the defendant's minor child or children, or the incapacitation of the defendant's spouse or registered partner where the defendant is the only available caregiver for the spouse or partner. U.S.S.G. § 1B1.13 cmt. n.1(C).

[10] "Other reasons" exist where there is "an extraordinary and compelling reason, other than, or in combination with" reasons (1) through (3), set forth above. U.S.S.G. § 1B1.13 cmt. n.1(D).

As the statute makes plain, prior to filing a motion for release in the district court, a prisoner must first exhaust his administrative remedies or wait thirty days from the receipt of his request by the warden. In its opposition, the government argues Sherrick failed to comply with this requirement of the statute. [ECF No. 155 at 3]. After submission of the government's opposition, Sherrick submitted supplemental filings indicating he has complied with the statute, but prison officials would not respond to his requests in writing. [ECF No. 156 at 1-2; ECF No. 157 at 1]. Accordingly, the Court will assume Sherrick has complied with this portion of the statute and turns to whether Sherrick has presented extraordinary and compelling reasons warranting a sentence reduction.

Here, Sherrick cites none of the traditional reasons sentence reductions are granted under section 3582(c). Instead, he argues only that his sentence was overly harsh. At the time of Sherrick's sentencing, he faced a statutory sentencing range of fifteen years to life in prison. *See* 18 U.S.C. § 924(e)(1). Were Sherrick sentenced today, he would face the same statutory sentencing range.[11] The general rule is that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Under these circumstances, the Court finds Sherrick has not shown that extraordinary and compelling reasons warrant a reduction of his term of imprisonment.

## II. Motion for transfer to home confinement or a community correction center

Sherrick additionally asks that he be released to home confinement, or alternatively, to a "community facility." [ECF No. 156 at 7; ECF No. 157 at 2]. "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . ." 18 U.S.C.A. § 3621(b). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of

---

[11] Thus, this is not a situation in which Congress has lowered the penalty provision for an offense but declined to make that change retroactive. *Compare e.g.* 18 U.S.C. § 924(c) (West 2017), *with* 18 U.S.C. § 924(c) (West 2019).

imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.* A designation by the BOP of a place of imprisonment "is not reviewable by any court." *Id.* A request for pre-release home confinement is likewise a decision within the sole discretion of the BOP. *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995); *United States v. Robinson*, 789 Fed.Appx. 968 (4th Cir.2020).[12] As the Court is without jurisdiction over Sherrick's request to be placed on home confinement or in a community corrections center, the motion is denied.

### III. Motion for a reduction of the term of supervised release

As to Sherrick's request that the Court reduce his term of supervised release from five years to three, the Court finds the request is premature. After considering certain enumerated statutory factors, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . ." 18 U.S.C. § 3583(e). Here, Sherrick has not yet been released from BOP custody, and his supervision has not yet begun. *See* 18 U.S.C.A. § 3624 ("The term of supervised release commences on the day the person is released from imprisonment. . . ."). Accordingly, Sherrick does not meet the requirements of section 3583(e), and his motion is premature.

---

[12] To the extent Sherrick seeks release to home confinement under the CARES Act, the Court lacks jurisdiction over the motion. *See e.g. Couch v. Merendino*, 1:20-CV-518-P, 2020 WL 3580104, at *1 (W.D. La. July 1, 2020). "While the CARES Act does increase the parameters of available home confinement for BOP inmates, it does not create a federal cause of action for designation to that program. *See* 18 U.S.C. 3624(c)(2)." *Id.*

### IV. Motion to vacate conditions of supervised release

As to Sherrick's request that the Court modify his special conditions of supervision, the Court finds his motion is likewise premature. Sherrick is still serving his term of imprisonment and therefore has not yet been subjected to the special conditions of supervised release of which he complains. "A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Carmichael*, 343 F.3d 756, 761, 762 (5th Cir.2003) (internal quotation marks and footnote omitted); *see also United States v. Goyette*, 446 Fed.Appx. 716, 717–18 (5th Cir.2011) ("Because Goyette is still serving his term of imprisonment and has not been subjected to the conditions of supervised release, any challenge to the conditions of supervised release is arguably premature.").

For the reasons set forth herein, the Motion for Reconsideration of Sentence Under the First Step Act [ECF No. 149] and the Motion for Reconsideration of Sentence [ECF No. 152] are DENIED.

SIGNED this 14th day of July, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE